**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| Mark Drust individually and as a representative of a class of similarly situated persons, and on behalf of the Southwest Research Institute Retirement Plan | |
| Plaintiff, | |
| v. | Civil Case No. 5:23-cv-767-XR |
| Southwest Research Institute, and John Does 1-20, | |
| Defendants. | |

**ORDER ON PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT**

Wherefore, this 9th day of August 2024, upon consideration of Plaintiff's Motion for Final Approval of the Class Action Settlement Agreement (ECF No. 41), in the above matter, the Court hereby orders and adjudges as follows:

1.      For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Settlement Class.

3.      The following Settlement Class is certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of the Settlement only:

> All participants and beneficiaries of the Southwest Research Institute Retirement Plan at any time from June 16, 2017, through March 11, 2024, excluding the members of the Southwest Research Institute Retirement Plan Committee.

The Court finds that this Settlement Class meets all the requirements of Rule 23(a) and 23(b)(1).

1

4.     Under Rules 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being fair, reasonable, and adequate to the Plan and the Class Members.

5.     The Court hereby approves the Settlement and orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

6.     In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, the Short Form Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members.  The Settlement Administrator also timely established a Settlement Website as provided by the Settlement Agreement, and posted a copy of the Long Form Settlement Notice on the Settlement Website.

7.     In addition, under the Class Action Fairness Act, 28 U.S.C. § 1711, et seq. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

8.     The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, consistent with Rule 23 and due process.

9.     The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

a.  The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator.

b.  The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendant.

c.  The Settling Parties were well positioned to evaluate the value of the Class Action.

d.  If the Settlement had not been achieved, both Plaintiff and Defendant faced the expense, risk, and uncertainty of extended litigation.

e.  The amount of the Settlement ($500,000.00) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases.

f.  The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable, and adequate.

g.  The Settlement was reviewed by an independent fiduciary, Gallagher Fiduciary Advisors, LLC, who has approved the Settlement.

h.  Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court.

i.  Out of nearly 7,800 Class Members, none have objected to the Settlement. The lack of objections relative to the size of the Class supports approval of the Settlement.

10. The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable, and adequate to the Plan and the Settlement Class.

11. This Action and all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

12. The Plan, the Class Representative, and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendant, the Plan, and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendant, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not a such Class Members actually received the Short Form Settlement Notice, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

13. The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors,

4

agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendant, the Plan, and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendant or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or Class Member now know or believe to be true with respect to the Action and the Released Claims.

14. The Class Representative and each Class Member shall release Defendant, Defendant's Counsel, Class Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and from all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendant and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing and interpreting this Final Approval Order and/or the Settlement Agreement.

16. The Court finds that all applicable CAFA requirements have been satisfied.

17. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each eligible Current Participant and Former Participant under the Plan of Allocation approved by the Court.

18. With respect to payments or distributions to Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

19. Within twenty-eight (28) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defendant's Counsel a list of each person who received a Settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

20. Upon the Settlement Effective Date, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**

Dated: August 9, 2024

_____

Hon. Xavier Rodriguez
United States District Judge